UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY GENE HEGGEM,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. SMITH, JO ELLA PHILLIPS, and DONALD HOLBROOK,<br><br>    Defendants. | NO: 4:15-CV-5092-TOR<br><br>ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS FOR RELIEF |

BEFORE THE COURT are the following motions: (1) Plaintiff's Urgent Request for Court to Believe Him and File His Complaint to Save His Life (ECF No. 20); (2) Plaintiff's Request for Appointment of Counsel (ECF No. 21); (3) Plaintiff's Prayer for Relief (ECF No. 22); (4) Plaintiff's Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (ECF No. 29); (5) Plaintiff's Request for the Court to Consider Defendant's Answer to His Complaint as a Motion for Summary Judgment and to Deny It (ECF No. 31); (6) Plaintiff Has Shown Sufficient Evidence of Cause for a Preliminary Injunction (ECF No. 34); (7) Plaintiff's Request for a Court Order of a Physical Examination and Blood

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS FOR RELIEF ~ 1

Tests (ECF Nos. 41); and (8) Plaintiff's Request for Additional Injunction Relief of Immediate Placement in Prisons Infirmary/And Update on Hep C Treatment Issue (ECF No. 47). These matters were submitted for consideration without oral argument. This Court—having reviewed the briefing, the record, and files therein—is fully informed.

## BACKGROUND

Plaintiff Larry Heggem, currently incarcerated at the Washington State Penitentiary in Walla, Walla, Washington, commenced this suit on September 10, 2015. ECF No. 1. After ordering Plaintiff to show cause why he should be permitted to proceed *in forma pauperis* in light of his prior litigation history, which includes four "strikes" under 28 U.S.C. § 1915(g), this Court allowed Plaintiff to file an Amended Complaint, which was served upon Defendants in December 2015. ECF Nos. 16, 18. In his Amended Complaint, Plaintiff asserts, *inter alia*, that he is being denied medical treatment in violation of his Eighth Amendment rights. ECF No. 17.

Plaintiff has filed a litany of motions, which this Court construes as the following: requests that the Court (1) file Plaintiff's complaint, (2) appoint Plaintiff counsel, (3) grant Plaintiff preliminary injunctive relief, (4) order medical examinations of Plaintiff, and (5) construe Defendants' Answer as a Motion for Summary Judgment and deny it. *See* ECF Nos. 20, 21, 22, 29, 31, 34, 41, 47.

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS FOR RELIEF ~ 2

**DISCUSSION**

**A. Request to File Complaint**

To the extent Plaintiff is asking this Court to file his complaint, *see* ECF No. 2, this request is denied as moot. Plaintiff's Amended Complaint was docketed on December 18, 2015. ECF Nos. 17; 22 at 10-11.[1]

**B. Request for Appointment of Counsel**

Generally, a person has no right to counsel in civil actions. However, the court has discretion to designate counsel pursuant to 28 U.S.C. § 1915(e)(1) under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

---

[1] To the extent Plaintiff is attempting to add additional claims or otherwise amend his Amended Complaint, *see* ECF Nos. 21 at 2-4 (asking the Court to treat his case under the American Disabilities Act); 35 at 4 (discussing his first amendment rights), such an amendment is accomplished by seeking leave to amend under Federal Rule of Civil Procedure 15. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (explaining amendment standard).

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS FOR RELIEF ~ 3

issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Here, Plaintiff has failed to demonstrate exceptional circumstances to warrant appointment of counsel. Based on the filings before this Court, this Court finds Plaintiff has demonstrated a reasonable ability to articulate his claims and there is nothing particularly complex about the factual and legal issues presented in the Amended Complaint. Further, based on the evidence currently before this Court, the likelihood of success on the merits is minimal. Accordingly, Plaintiffs' request for counsel (ECF No. 21) is denied.

### C. Request for a Preliminary Injunction or Temporary Restraining Order

The Prison Litigation Reform Act provides that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). These standards also apply to prospective relief. *Id.* § 3626(a)(1). Further, the court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief." *Id.* § 3626(a)(2); *see Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000) ("Section 3626(a) . . . operates simultaneously to

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS FOR RELIEF ~ 4

restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum.").

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may grant preliminary injunctive relief or a temporary restraining order. Fed.R.Civ.P. 65(b). The analysis for granting a temporary restraining order is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain this relief, a plaintiff must establish that (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Id.* at 20. Plaintiff must satisfy each element; however, a stronger showing of one element may offset a weaker showing of another. *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." (internal quotation marks omitted)).

1    Plaintiff's Amended Complaint alleges that Defendants have violated his
2    Eighth Amendment rights by providing inadequate medical care. "The government
3    has an 'obligation to provide medical care for those whom it is punishing by
4    incarceration,' and failure to meet that obligation can constitute an Eighth
5    Amendment violation cognizable under § 1983." *Colwell v. Bannister*, 763 F.3d
6    1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103-05
7    (1976)). "In order to prevail on an Eighth Amendment claim for inadequate
8    medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical
9    needs.'" *Id.* Importantly, mere negligence, difference of opinion, or malpractice,
10   are insufficient to establish a violation of the Eighth Amendment. *Estelle*, 429 U.S.
11   at 106. "Rather, to show deliberate indifference, the plaintiff must show that the
12   course of treatment the doctors chose was medically unacceptable under the
13   circumstances and that the defendants chose this course in conscious disregard of
14   an excessive risk to plaintiff's health." *Colwell*, 763 F.3d at 1068 (internal
15   quotation marks and alterations omitted).

16   Here, Plaintiff's motion fails, primarily because he has not demonstrated
17   likely success on the merits or that the balance of hardships tips in his favor.
18   Plaintiff's presented filings merely restate his concerns about his medical issues
19   and the care he is receiving while in custody. Among the relief requested, Plaintiff
20   asserts that he requires several ultrasounds of various parts of his upper body; an

MRI of his left shoulder socket, shoulder blade, neck, and lower spine; a liver biopsy; a gluten-free diet; opiate pain medication; and Hepatitis C treatment.[2] However, Plaintiff fails to provide anything, beyond his allegations, to show that the medical care provided by Defendants constitutes deliberate indifference to his serious medical needs—the grievances and medical documents submitted by Plaintiff in support of his motions do not demonstrate constitutionally deficient medical care warranting a preliminary injunction. Plaintiff's filings demonstrate that he merely disagrees with his providers about the proper course of his medical treatment and which treatment is necessary. Based on the evidence before this Court, this Court finds Plaintiff has failed to establish the necessity of a preliminary injunction at this time. Accordingly, Plaintiff's numerous requests for preliminary injunctive relief (ECF No. 22, 29, 34, 35, 47) are denied.[3]

---

[2] Pursuant to Plaintiff's most recent filing, it appears he has been approved for the new Hepatitis C treatment. *See* ECF No. 47 at 2.

[3] Plaintiff requests that this Court take judicial notice of his life threatening circumstances. ECF No. 29 at 43. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." Fed. R. Evid. 201(b).

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS FOR RELIEF ~ 7

**D. Request for Medical Examinations**

Pursuant to Federal Rule of Civil Procedure 35, a court may order a mental or physical examination:

> The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Fed. R. Civ. P. 35(a)(1). Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined." *Id.* at (a)(2).

This Court denies Plaintiff's request to order physical examinations and blood tests. Rule 35 "does not allow for a physical examination of oneself." *Berg v. Prison Health Servs.*, 376 Fed. App'x 723, 724 (9th Cir. 2010); *see also Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (upholding district court's denial of an inmate's Rule 35 motion for an examination of himself where inmate's primary purpose was to obtain medical care and to complain of deliberate indifference to his serious medical needs). Accordingly, Plaintiff's motion (ECF No. 41) is denied.

///

---

Plaintiff's request is denied—this Court cannot take judicial notice of his alleged life-threatening circumstances.

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS FOR RELIEF ~ 8

### E. Request Regarding Defendants' Answer

This Court denies Plaintiff's request that this Court construe Defendants' Answer as a summary judgment motion and deny it. *See* ECF No. 31. Pursuant to the Federal Rules of Civil Procedure, a defendant is required to file a responsive pleading or a Rule 12(b) motion within a certain period after service of the complaint and summons. *See* Fed. R. Civ. P. 12. While a party may file a motion to dismiss, which, like a summary judgment motion, can be dispositive, Defendants have not done so. This Court finds no basis to construe their filing other than what it is: a responsive pleading. Accordingly, Plaintiff's motion (ECF No. 31) is denied.

### F. Conclusion

For the foregoing reasons, Plaintiff's various motions for miscellaneous relief are denied. Plaintiff is, once again, reminded that a civil rights action is not an open forum in which he may present all his grievances and complaints to the Court. Plaintiff is also reminded to refrain from writing in the margins of any future documents he submits to the Court and to cease filing superfluous documents, including repeated submissions of the same document.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Urgent Request for Court to Believe Him and File His Complaint to Save His Life (ECF No. 20) is **DENIED**.

2.  Plaintiff's Request for Appointment of Counsel (ECF No. 21) is **DENIED**.

3. Plaintiff's Prayer for Relief (ECF No. 22) is **DENIED**.

4. Plaintiff's Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (ECF Nos. 29) is **DENIED**.

5. Plaintiff's Request for the Court to Consider Defendant's Answer to His Complaint as a Motion for Summary Judgment and to Deny It (ECF No. 31) is **DENIED**.

6.  Plaintiff's pleading entitled, "Plaintiff Has Shown Sufficient Evidence of Cause for a Preliminary Injunction" (ECF No. 34) is **DENIED**.

7. Plaintiff's Request for a Court Order of a Physical Examination and Blood Tests and Supplement (ECF No. 41) is **DENIED.**

8. Plaintiff's Request for Additional Injunction Relief of Immediate Placement in Prisons Infirmary/And Update on Hep C Treatment Issue (ECF No. 47) is **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** March 3, 2016.

THOMAS O. RICE
Chief United States District Judge